## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | Case No. |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| CINCINNATI INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, Travelers Casualty Insurance Company of America ("Travelers"), by and through its undersigned counsel, Usery and Associates, as and for its Complaint against Defendant, Cincinnati Insurance Company ("Cincinnati"), alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.      Travelers is providing a defense to its insured 2546 South Broad Street, LLC ("2546 South Broad") in a lawsuit entitled *Anicka Brown v. Excel Endodontics of Pennsylvania, LLC and 2546 South Broad Street, LLC*, pending in the Court of Common Pleas of Philadelphia County, Docket Number 240800351. (the "Underlying Action").

2.      In the instant action, Travelers seeks a declaration that Cincinnati is obligated to defend and to indemnify 2546 South Broad in the Underlying Action, as an additional insured under the policy of insurance issued by Cincinnati, on a primary, non-contributory basis, and that Travelers is entitled to judgment for all past and future defense and indemnity costs incurred on behalf of 2546 South Broad in said action.

### THE PARTIES

3.      At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford,

Connecticut.

4.    Upon information and belief, at all times relevant hereto, Cincinnati was and is an Ohio corporation with a principal place of business in Ohio and authorized to do business in Pennsylvania.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

7.    An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Cincinnati.

8.    Travelers has no adequate remedy at law other than the instant action.

## THE RELEVANT POLICIES

9.    Cincinnati issued a general liability insurance policy to Excel Endodontics of Pennsylvania, LLC ("Excel") bearing policy number ECP 033 71 16 for the policy period July 1, 2022 to July 1, 2023 (the "Cincinnati Policy").

10.    Subject to certain terms, conditions, and exclusions, the Cincinnati Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11.    The Cincinnati Policy provides, in relevant part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM GA 101 12 04**

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*     \*     \*

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

**5. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY or COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

**b. Excess Insurance**

This insurance is excess over:

**(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

> **(a)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar insurance for "your work";

> **(b)** That is Fire or Explosion insurance for premises rented to you or temporarily occupied by you with permission of the owner;

> **(c)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

> **(d)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to **SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, g. Aircraft, Auto or Watercraft**

**(2)** Any other primary insurance available to the insured covering liability for damages arising out of the premises or operations, or the products and completed operations, for which the insured has been added as an additional insured by attachment of an endorsement.

**(3)** Any other insurance:

> **(a)** Whether primary, excess, contingent or on any other basis, except when such insurance is written specifically to be excess over this insurance; and

4

**(b)** That is a consolidated (wrap-up) insurance program which has been provided by the prime contractor/project manager or owner of the consolidated project in which you are involved.

\*        \*        \*

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS** is modified by **endorsement GCP 203 09 17 - COMMERCIAL GENERAL LIABILITY BROADENED ENDORSEMENT** and states in pertinent part the following:

**C. Coverages**

\*        \*        \*

**7. Automatic Additional Insured - Specified Relationships**

**a.** The following is added to **Section II - Who Is An Insured**:

**(1)** Any person(s) or organization(s) described in Paragraph **7.a.(2)** of this endorsement (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of a written contract, written agreement, written permit or written authorization.

**(2)** Only the following persons or organizations are additional insureds under this endorsement, and insurance coverage provided to such additional insureds is limited as provided herein:

**(a) Managers Or Lessors Of Premises**

The manager or lessor of a premises leased to you with whom you have agreed per Paragraph **7.a.(1)** of this endorsement to provide insurance, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you, subject to the following additional exclusions:

This insurance does not apply to:

> **(i)** Any "occurrence" which takes place after you cease to be a tenant in that premises; Structural alterations, new construction or demolition operations performed by or on behalf of such additional insured.
>
> **(ii)** Structural alterations, new construction or demolition operations performed by or on behalf of such additional insured.

\*      \*      \*

**2.** With respect to the insurance afforded to the additional insureds described in Paragraph **7.a.(1)** of this endorsement, the following is added to **Section III - Limits Of Insurance**:

The most we will pay on behalf of the additional insured is the amount of insurance:

> **(1)** Required by the written contract, written agreement, written permit or written authorization described in Paragraph **7.a.(1)** of this endorsement; or
>
> **(2)** Available under the applicable Limits of Insurance shown in the Declarations; whichever is less.

6

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations

**c. Section IV - Commercial General Liability Conditions** is amended to add the following:

**Automatic Additional Insured Provision**

This insurance applies only if the "bodily injury" or "property damage" occurs, or the "personal and advertising injury" offense is committed:

**(1)** During the policy period; and

**(2)** Subsequent to your execution of the written contract or written agreement, or the issuance of a written permit or written authorization, described in Paragraph **7.a.(1)**.

12.    Travelers issued a Commercial General Liability Policy to 2546 South Broad bearing policy number 680-0P997063-22-42 for the policy period October 22, 2022 to October 22, 2023 (the "Travelers Policy").

13.    Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14.    The Travelers Policy contains excess "other insurance" provisions that provide that coverage under the Travelers Policy is excess over any other coverage available to 2546 South Broad were added as an additional insured.

## BACKGROUND FACTS

15.    2546 South Broad, as Landlord, and TEC Endodontics, P.C., as Tenant, entered into a Lease Agreement dated June 2009 (the "Lease"), by which the TEC Endodontics, P.C. leased

a portion of the basement level of the premises located at 2546 South Broad Street, Philadelphia, Pennsylvania 19145 (the "Premises").

16.    Per the Assignment and Assumption of Lease agreement dated July 1, 2012, Excel Endodontics assumed the terms of the original lease agreement from TEC Endodontics, P.C. The terms of the Lease require that Excel to maintain comprehensive general liability insurance naming 2546 South Broad as an additional insured:

8. Insurance

*    *    *

C. Tenant and Landlord shall, each at its own expense, maintain a policy or policies of comprehensive general liability insurance with respect to the respective activities of each in the Building with the premiums thereon fully paid on or before due date, issued by and binding upon some insurance company approved by Landlord, such insurance to afford minimum protection of not less than $1,000,000 combined single limit coverage of bodily injury, property damage or combination thereof. Landlord shall be listed as an additional insured on Tenant's policy or policies of comprehensive general liability insurance, and Tenant shall provide Landlord with current Certificates of Insurance evidencing Tenant's compliance with this Paragraph. Tenant shall obtain the agreement of Tenant's insurers to notify Landlord that a policy is due to expire at least (10) days prior to such expiration. Landlord shall not be required to maintain insurance against thefts within the Leased Premises or the Building.

17.    In the Underlying Action, Claimant alleges that, on or about April 6, 2023, she was injured when she slipped and fell on an improperly secured carpet at the Premises (the "Incident"), while visiting the business of Excel.

18.    As a result of the Incident, on August 20, 2024 Claimant commenced the Underlying Action naming Excel and 2546 Broad Street as defendants.

19.    Travelers is defending 2546 South Broad in connection with the Underlying Action.

20.    In the Underlying Action, Claimant seeks to impose liability on 2546 South Broad for alleged bodily injury which arose out of the maintenance or use of the Premises.

## TENDERS TO CINCINNATI

21.    By correspondence dated July 14, 2025, Travelers tendered the defense and indemnity of 2546 South Broad to the Excel.

22.    Cincinnati sent a letter response to Travelers' tender dated July 14, 2025 wherein they acknowledged Travelers' tender and further indicated they were conducting an investigation into the matter.

23.    To date, Cincinnati has only acknowledged receipt of this tender but has not accepted same.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

24.    Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "23" above as if fully set forth herein.

25.    2546 South Broad qualifies as an additional insured under the Cincinnati Policy.

26.    The coverages provided to 2546 South Broad under the Cincinnati Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

27.    Accordingly, Travelers seeks a declaration that Cincinnati has an obligation to defend and indemnify 2546 South Broad as an additional insured under the Cincinnati Policy; that the coverages provided by the Cincinnati Policy to 2546 South Broad are primary; and that the obligations of Travelers to 2546 South Broad in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Cincinnati Policy.

28.    In addition, Travelers seeks an award at law and in equity against Cincinnati for recovery of all sums Travelers has paid and continues to pay in the defense of 2546 South Broad in the Underlying Action because the coverages provided by the Cincinnati Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1.      Declaring that 2546 South Broad is an insured under the Cincinnati Policy to whom Cincinnati owes coverage with respect to the Underlying Action;

2.      Declaring that Cincinnati has a duty to defend 2546 South Broad in the Underlying Action up to and including the respective policy limits of the Cincinnati Policy;

3.      Declaring that all coverage owed by Cincinnati to 2546 South Broad with respect to the Underlying Action is primary to any coverage provided by Travelers to 2546 South Broad;

4.      Declaring that the obligations of Cincinnati to 2546 South Broad with respect to the Underlying Action are primary to any obligations of Travelers to 2546 South Broad;

5.      Declaring that the obligations of Travelers to 2546 South Broad in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Cincinnati Policy by means of a verdict, judgment, or settlement;

6.      Awarding judgment against Cincinnati in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against 2546 South Broad in the Underlying Action;

7.      Awarding judgment against Cincinnati in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify 2546 South Broad in the Underlying Action;

8.      Granting an award in favor of Travelers for the costs of suit incurred herein; and

9.      Granting such other and further relief as the Court may deem just and proper.

Dated: Blue Bell, PA
        December 16, 2025

USERY & ASSOCIATES


By:    /s/Michael J. McLaughlin
Michael J. McLaughlin
*Attorneys for Travelers Casualty Insurance Company of America*
T. (917) 778-6680
F. (844) 571-3789
E. MJMCLAUG@travelers.com

<u>Mailing Address:</u>[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 801 Lakeview Drive, Suite 300 Blue Bell, PA 19422